IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DAVID CHRISTIAN, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:12-cv-1382-TLW |
| ) | |
| SOUTH CAROLINA DEPARTMENT ) | |
| OF LABOR, LICENSING, AND ) | |
| REGULATION; CATHERINE ) | |
| TEMPLETON; SAMUEL WILKINS; ) | |
| WILLIAM "RON" COOK; CHARLES ) | |
| IDO; and HOLBROOK "RION" ALVEY, ) | |
| in their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# ORDER

Plaintiff David Christian, III, filed this employment action raising a claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., against the South Carolina Department of Labor, Licensing, and Regulation; claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against Catherine Templeton, Samuel Wilkins, Ron Cook, Charles Ido, and Rion Alvey (collectively, the "individual defendants") in their official capacities; and a state law claim of civil conspiracy against the individual defendants in their individual capacities. Each of the defendants filed a motion for summary judgment. (Doc. #104, 106, 107, 108, 110, 113). Plaintiff filed responses in opposition (Doc. #126, 127, 128, 129, 130, 131), and the defendants filed reply memoranda (Doc. #137, 138, 139, 140, 141, 142).

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), (D.S.C.). In

the Report, the Magistrate Judge recommends that this Court grant the defendants' motions for summary judgment. (Doc. #146). Plaintiff filed objections to the Report on September 8, 2014. (Doc. #150). Defendants Wilkins, LLR, Ido, Templeton, and Alvey filed replies to Plaintiff's objections on September 25, 2014. (Doc. #151, 152, 153, 154, 155). Defendant Cook did not file a reply. The matter is now ripe for disposition.

> In conducting this review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. The Court accepts the Report's analysis that the Eleventh Amendment protects the individual defendants from Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985 and that they are entitled to summary judgment on those claims.

The Court further accepts the Report's analysis that LLR is entitled to summary judgment on Plaintiff's Title VII claims, as the evidence Plaintiff introduces fails to undermine LLR's proffered reasons for dissolving OLC and hiring other candidates for the positions for which

Plaintiff applied. To the extent Plaintiff relies on allegations that Defendant Cook used inappropriate and offensive language in the workplace, the Report properly analyzes the evidence and properly finds that no evidence in the record shows that Cook had the power to influence LLR's personnel decisions. Plaintiff has not introduced any admissible or other evidence creating an issue of fact as to whether LLR's decisionmakers were improperly motivated by Plaintiff's race. See, e.g., Reddy v. BDM Federal, Inc., 149 F.3d 1170 (4th Cir. 1998) (analyzing Title VII claim of discrimination through reduction-in-force); Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126 (4th Cir. 1995) (analyzing Title VII claims of failure to promote, harassment, and constructive discharge).

The Court also accepts the Report's analysis that the individual defendants are entitled to summary judgment on Plaintiff's state law civil conspiracy claim. To the extent that Plaintiff objects to the Report by levying specific allegations against each of the individual defendants, the Court concludes that Plaintiff has failed to introduce any admissible or other evidence that creates an issue of fact as to whether the defendants' primary purpose in dissolving OLC was to injure him. Accordingly, he cannot establish that the defendants engaged in a civil conspiracy under South Carolina law. See Pye v. Estate of Fox, 369 S.C. 555, 567, 633 S.E.2d 505, 511 (2006) (explaining that the "essential consideration" in a civil conspiracy case is whether the "primary purpose or object" of the agreement is to injure the plaintiff).

For the foregoing reasons, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED**. (Doc. #146). Plaintiff's objections to the Report are **OVERRULED** (Doc. #150), and the defendants' motions for summary judgment are **GRANTED** (Doc. #104, 106, 107, 108, 110, 113).

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 26, 2014
Columbia, South Carolina